11-CV-01342-CMP

____FILED ____ENTERED
____LODGED____RECEIVED

AUG 12 2011  DJ

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT O. WASHINGTON
DEPUTY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

TIMOTHY M. MOORE,

    Plaintiffs,

v.

FEDERAL NATIONAL MORTGAGE ASSOCIATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; QUALITY LOAN SERVICE CORP. OF WASHINGTON; IBM LENDER BUSINESS PROCESS SERVICES

    Defendants,

CASE NO. CV11-1342

VERIFIED COMPLAINT

JURY TRIAL DEMANDED

Plaintiff, TIMOTHY M. MOORE, proceeding without counsel, hereby serves his Verified Complaint and alleges claims against Defendants FEDERAL NATIONAL MORTGAGE ASSOCIATION("FNMA"); MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"); QUALITY LOAN SERVICE CORP. OF WASHINGTON("QLS"); IBM LENDER BUSINESS PROCESS SERVICES ("LBPS"); and as grounds states:

**PARTIES AND VENUE**

1. Plaintiff TIMOTHY M. MOORE is a *sui juris* resident of the State of Washington and over the age of eighteen (18), and the legal owner of the residential property

VERIFIED COMPLAINT

Timothy M. Moore, Plaintiff
628 194th Pl. SE
Bothell, WA 98012
(206) 427-9326

identified hereinbelow as 21301 48th Ave W, #A-205, Mountlake Terrace, WA 98043 and whose mailing address is 628 194th Pl. SE, Bothell, WA 98012.

2. Defendant, FEDERAL NATIONAL MORTGAGE ASSOCIATION (hereinafter "FNMA") is a Government Sponsored Enterprise whose headquarters address is 3900 Wisconsin Avenue Northwest, Washington D.C., DC 20016 and is also listed as 14221 Dallas Parkway, Ste 1000, Dallas, TX 75254.

3. Defendant, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") is a Delaware corporation with its principal place of business being located in the Commonwealth of Virginia whose address for service of process is believed to be 1818 Library Street, Suite 300, Reston, Virginia, 20190.

4. Defendant, QUALITY LOAN SERVICE CORP. OF WASHINGTON ("QLS"), a Washington Corporation which affirmatively represented to the Plaintiff herein in writing that its address is 2141 Fifth Ave, San Diego, CA 92101 and whose registered agent is listed as: MCCARTHY & HOLTHUS LLP, 19735 10TH AVE NE, STE N200, POULSBO, WA 98370 accepts service for the Defendant, QUALITY LOAN SERVICE CORP. OF WASHINGTON.

5. Defendant, IBM LENDER BUSINESS PROCESS SERVICES ("LBPS") is and was at all times material hereto a Delaware corporation with its principal place of business being located in the Oregon. And whose address is listed as 14523 Millikan Way, Suite 200, Beaverton, OR 97005. Defendant LBPS services real estate home loans.

6. The residential property the subject of this action (hereafter the "Property") is located at 21301 48th Ave W, #A-205, Mountlake Terrace, WA 98043 in Snohomish County,

Washington (APN 01081300120500) and is legally described as:

> UNIT A-205, BUILDING A, AXIS CONDOMINIUM PHASE 2, RECORDED UNDER SNOHOMISH COUNTY RECORDING NUMBER 200708225006, AND AS AMENDED UNDER RECORDING NUMBER 200712075012, ACCORDING TO THE DECLARATION THEREOF, RECORDED IN SNOHOMISH COUNTY, STATE OF WASHINGTON.

7. Venue is proper in this Court under 28 USC §1391 because the affected subject Property is located in Washington; the Defendants have substantial contacts within Washington; the substantial events and acts necessary or precedent to the bringing of this lawsuit occurred or accrued in Snohomish County, Washington.

8. Plaintiff is proceeding Pro Se, without assistance of counsel and is unschooled in law, requesting the court accept direction from <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), <u>Boag v. MacDougall</u>, 545 US 360 (1982), <u>Puckett v. Cox</u> 456 F2d 233 (1972 Sixth Circuit USCA), and <u>Conely v. Gibson</u>, 355 US 41 at 48(1957), wherein the court has directed those who are unschooled in law, making pleadings shall have the court look to the substance of the pleadings rather than the form.

## **JURISDICTION**

9. This action arises under Federal Question 28 USC §1331 and this Court has Jurisdiction under 15 USC §1640 TILA; 12 USC §2601-2609 RESPA and implementing regulations 24 CFR part 3500; 15 USC §§ 41-58, FTCA and implementing regulations 16 CFR §433.2; 15 USC §1692 FDCPA; 15 USC §1608 FCRA; 42 USC §§1981-1986, Equal Rights Act; 31 USC §5311 Banking Secrecy Act/Patriot Act and implementing regulations 31 CFR §103.11; 5 USC § 552, The Privacy Act; 12 USC §5301 Dodd-Frank Wall Street Reform and Consumer

VERIFIED COMPLAINT                          Timothy M. Moore, Plaintiff
                                            628 194th Pl. SE
                                            Bothell, WA 98012
                                            (206) 427-9326

Page 3 of 14

Protection Act (P.L. 111-203); 26 USC § 856, §2039, §2041, §2514b and other provisions of the U.S. Tax Code;

10. This Court has supplemental jurisdiction over any remaining state law claims under 28 USC §1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy.

11. This case also arises under the Washington Deed of Trust Act, RCW 61.24 *et. seq* (DTA) and the Washington Consumer Protection Act, RCW 19.86 (CPA), the Commercial Code RCW 62A, the Washington Securities Act, RCW 61.20.

**Material Facts Common to All Counts**

12. The chain of title for the subject Property shows the plaintiff holding undisputed clear legal title and equitable title up until April 9th, 2008, pursuant to the Statutory Warranty Deed recorded in Snohomish County, Washington under Auditor's file number 200804110763 (copy attached).

13. Plaintiff is the author of the unregistered/unsecured Note referenced in the common law document entitled "Deed of Trust" recorded in Snohomish County, WA, under Auditor's file no. 200804110764 (copy attached) and Plaintiff dictated the terms of the unregistered Note and Plaintiff has personal firsthand knowledge of the said terms.

14. There is no evidence the Plaintiff's unregistered/unsecured Note and or Deed of Trust was or is registered/secured in the WASHINGTON UCC registry or subject to Uniform Commercial Code which Washington has codified as RCW 62A.

15. Pursuant to Plaintiff's Affidavit, Plaintiff has seen no evidence that the Note relied

upon by the Defendant(s) is the same Note referenced in the said Deed of Trust and thus Plaintiff disputes the validity of the alleged debt.

16. Pursuant to Plaintiff's Affidavit, Plaintiff has seen no evidence that the Beneficiary in fact accelerated the Note due date or declared the Plaintiff in default.

17. Plaintiff has not acquiesced to the Defendant(s) non-judicial foreclosure proceedings.

18. On or about June 14th, 2011, Defendant(s) slandered title to the subject Property and injured the Plaintiff by recording a Notice of Trustee Sale in the public records of Snohomish County Washington under Auditor's File No. 201106140364.

**CLAIMS FOR RELIEF:**

19. The Plaintiff incorporates all preceding paragraphs in these allegations.

20. <u>Disparity</u>. There is a federal question as follows: to contest an alleged default, to restrain a trustee's sale, to contest a trustee's material violations pursuant to Washington's DTA **(RCW 61.24. et. seq.; esp. RCW 61.24.030(8)(j), RCW 61.24.127, RCW 61.24.130)** the Plaintiff's only remedy is recourse to the Courts; but, the Courts have deemed that requests for production of the Note lack merit[1]. Plaintiff is <u>potentially</u> cut off from the said remedy unless *Equity* provides a balance, which it

---

[1] See <u>Mansour v. Cal-W. Reconveyance Corp.</u>, 618 F. Supp. 2d. 1178, 1181 (D. Ariz. 2009), ["Courts have routinely held that Plaintiff's 'show me the note' argument lacks merit."], citing <u>Ernestberg v. Mortgage Investors Group</u>, No. 2:08-cv-01304-RCJ-RJJ, 2009 WL 160241, at *5 (D.Neve. Jan. 22, 2009); <u>Putkkuri v. Recontrust Co.</u>, No. 08-cv-1919-WQH (AJB), 2009 WL 32567, at *2 (S.D. Cal. Jan. 5, 2009); <u>San Diego Home Solutions, Inc. v. Recontrust Co.</u>, No. 08-cv-1970 L(AJB), 2008 WL 5209972, at *2 (S.D.Cal. Dec. 10, 2008); <u>Wayne v. HomEq Servicing, Inc.</u>, No. 2:08-cv-00781-RCJ-LRL, 2008 WL 4642595, at *3 (D.Nev. Oct. 16, 2008); as well as; *Freeston v. Bishop, White & Marshall, P.S.* [2010 WL 1186276] (W.D. Wash., Mar. 24, 2010.)(quoting *Diessner v. Mortgage Electronic Registration Systems*, 618 F.Supp.2d 1184, 1187, (D. Ariz. 2009) (collecting case)); *Wright v. Accredited Home Lenders*, [2011 WL 39027 (W.D. Wash., Jan 3, 2011)(citing *Freeston*, [2010 WL 1186276]).

VERIFIED COMPLAINT

Timothy M. Moore, Plaintiff
628 194th Pl. SE
Bothell, WA 98012
(206) 427-9326

can, by also barring any '<u>alleged</u>' default under that Note to avoid creating a "disparity" between classes of persons (borrower and lender), a violation of civil rights. The DTA confers no power to foreclose a contested 'alleged' default and there is no other law requiring the Plaintiff to produce actual payment or proof of payment to cure an 'alleged' default for obvious reasons. It could be extortive if the default is falsely alleged and strip the Plaintiff of basic civil rights protected under title 42 USC §§1981-1986 if not somehow balanced by the Court. Hence, the Plaintiff is entitled, upon request, to restraint of the Trustee's Sale until the 'alleged' default is 'proven' because the Plaintiff disputes the 'alleged' default.

21. <u>Breach of Contract - unanswered QWR</u>: Plaintiff sent multiple Qualified Written Requests to the Defendants, and FNMA's servicer LBPS, and to date Plaintiff has never received any response and/or received an inadequate response that failed to comply with 12 U.S.C. § 2605(e). Plaintiff disputes that the Defendants, FNMA and LBPS are in compliance with RESPA. A copy of the Plaintiff's Qualified Written Request is attached as an exhibit.

22. <u>Equitable Estoppel - invalid debt</u>: Plaintiff alleges that Defendants, QLS and LBPS are in violation of the Fair Debt Collection Practices Act (FDCPA), 15 USC §1692 – 1692p, by failing to verify the alleged debt. Plaintiff disputes the alleged debt and requested verification of the debt. Plaintiff has received no verification of the debt to date. The Defendants are required to cease and desist collection activities until the debt is verified. A copy of Plaintiff request for validation of debt is attached as an exhibit.

VERIFIED COMPLAINT                                      Timothy M. Moore, Plaintiff
                                                         628 194th Pl. SE
                                                         Bothell, WA 98012
                                                         (206) 427-9326

Page 6 of 14

Secondly, it appears the Defendant(s) are the factor/purchaser and/or agents of the factor/purchaser of defaulted loans. Therefore the Defendant FNMA would also be subject to the FDCPA but failed to offer to validate the debt, never sent a dunning letter, and took or are threatening non-judicial action to collect the unsecured alleged debt all of which violates FDCPA.

Plaintiff is entitled to relief pursuant to the FDCPA.

23. <u>Erroneous Credit Reporting</u>: Defendant, LBPS violated the Fair Credit Reporting Act (FCRA), 15 USC § 1608, by reporting or facilitating the reporting of the alleged debt/obligation on the Plaintiff's credit report. Plaintiff properly disputed this alleged debt. Plaintiff properly disputed this alleged debt to credit reporting companies. To date Plaintiff has received no validation of the debt but the matter remains on Plaintiff's credit report at the request of Defendant LBPS and received no response. A copy of the Plaintiff's dispute letter is attached as an exhibit..

24. <u>Foreclosure of Incorrect Note</u>: Pursuant to Plaintiff's Affidavit of Note Maker, Plaintiff denies the Defendant(s) are foreclosing under or on the correct Note. Plaintiff disputes the authenticity of the purported Note relied upon by the Defendants.

25. <u>Forfeiture on Foreclosure</u>: Ordinarily the Lenders like the original Lender COBALT MORTGAGE, INC. are required to use accrual accounting which requires them to report the entire $236,402.80 of interest income receivable on the Plaintiff's purported loan account as income for tax year the loan closed <u>unless</u> they transferred the purported Loan to a tax exempt REMIC/REIT or GSO/GSE within 90 days of closing (26 USC §856). Defendant FNMA appears to be a tax exempt GSO/GSE, but

a problem arises in the timing of the transfer which, according to the Assignment of Deed of Trust, was 3 years after closing. Thus, Plaintiff believes there is an unresolved tax matter which the Defendant's intend to transfer to the Plaintiff. If so the Defendant QLS's proposed sale of Plaintiff's property is a Prohibited Transaction pursuant to 26 USC §857(b)(6)(B)(iii) and §1221(a)(1). If these taxes were not paid, Plaintiff as the 'donor' has the right pay them and invoked the right of recoupment and setoff. "The donor may be deemed to have paid the tax by ordering the donee to pay it to the IRS." *Estate of Sachs v. Comm'r*, 88 T.C. 769, 778 (1987), aff'd F.2d (1988 WL 94421)(1988). Plaintiff HEREBY orders the donee and/or donee's successor to pay the tax due to the IRS.

26. <u>Recoupment and Setoff</u>: Pursuant to 15 USC §77b(a)(1); 15 USC § 78c(a)(10); RCW 21.20.005(12)(a); RCW 21.20.310(9) the Plaintiff's Note is in fact a non-negotiable Security (financial asset). It guarantees Plaintiff the right of recoupment and setoff pursuant to CFR 16 § 433.2, 15 U.S.C. §1640 without time limitation if the loan contract is breached. It was taken subject to the Plaintiff's claims and defenses. There is no evidence of the Defendant(s) standing to foreclose non-judicially.

27. <u>False Claim – failed endorsement(s)</u>: The Plaintiff's Note is part of Plaintiff's non-negotiable Security and does not actually have a holder in due course, per se, but has more of a common law holder for value. Each successor in interest must endorse the Note to transfer the Security as a 'unit'. Failure to endorse it for a transfer will effect the successor's forfeiture on foreclosure and the Plaintiff may invoke the right of recoupment and setoff. The Note the Defendant(s) rely on appears to have missing or

incomplete endorsements and therefore Defendant(s) have no standing to foreclose.

28. <u>Erroneous Alleged Default</u>: Without knowing who the true beneficiary is, which can only be determined by examining the successive intervening endorsements to the Note, the Defendants have only an alleged a default was declared by a purported beneficiary. The Plaintiff disputes and contests the alleged default by right because there is no evidence the purported Note relied upon by the Defendant(s) exists.

29. Material Violations – Washington Deed of Trust Act. Plaintiff is unaware of any evidence that the purported Note was ever endorsed or transferred to the Defendant, FNMA. According to the questionable Assignment of Deed of Trust the alleged beneficiary, COBALT MORTGAGE, INC. was purportedly replaced with the Defendant, FNMA on 03/08/2011 which is approximately 4 months after the alleged default occurred. This makes it appear as if Defendant FNMA is involved in factoring in which case FNMA is not a true beneficiary pursuant to RCW 61.24.005(2).

30. <u>Slander of Title – Assignment of Deed of Trust</u>. The mere fact that an entity (MERS) is named beneficiary of a deed of trust is insufficient to enforce, assign or otherwise convey the obligation if that party (MERS) is not named on the Note as well. The original Lender's customary business practice is to endorse the Note to a tax exempt REIT/REMIC or GSO/GSE within 3 – 90 days of closing and the Deed of Trust supposedly followed it thus the Defendant MERS had no right establish a lien priority but did establish a false lien priority, slandered title and injured the Plaintiff by recording the purported Assignment of Deed of Trust.

31. <u>Slander of Title – Notice of Trustee's Sale</u>. There is no evidence that the Defendant(s)

VERIFIED COMPLAINT

Timothy M. Moore, Plaintiff
628 194th Pl. SE
Bothell, WA 98012
(206) 427-9326

Page 9 of 14

are within the statutory and equitable parameters required when they executed the Notice of Default and recorded the Notice of Trustee's Sale which slandered title to the Plaintiff's property. The Notice of Default only alleges a default it does not prove a default. The Defendants foreclosure process is a scandalous and impertinent inference that the Plaintiff defaulted/failed to pay his obligation, not a proven fact. Defendant(s) have slandered title and injured the Plaintiff by recording the Notice of Trustee's Sale.

32. <u>Declaratory Relief – Foreclosure Documents</u>: This is an action for declaratory relief which is being brought pursuant to 28 USC § 2201 and FRCR 57 to determine as to whether Assignment of Deed of Trust relied upon by the Defendants is fraudulent or invalid since there are no corresponding endorsements of the Note; and if so, to determine if the subsequent foreclosure documents i.e. Appointment of Successor Trustee, Notice of Default, Notice of Trustee's Sale, even a threatened Trustee's Deed are invalid.

33. Declaratory Relief - MERS: This is an action for declaratory relief which is being brought pursuant to 28 USC § 2201 and FRCR 57 to determine as to whether Defendant MERS has any right under Washington law to act arbitrarily and independent of the actual beneficiary without being named on the Note and/or without any specific authority extended by the actual beneficiary. There is no clear statute or decision that Washington law permits MERS to serve as beneficiary. The following rulings favor the borrower over MERS: *Mortg. Elec. Registration Sys., Inc. v. Sw. Homes of Ark.*, 301 S.W.3d 1 (Ark. 2009); *In re Agard,* No. 810-77338-reg

VERIFIED COMPLAINT                                                                     Timothy M. Moore, Plaintiff
                                                                                       628 194th Pl. SE
                                                                                       Bothell, WA 98012
                                                                                       (206) 427-9326

(E.D.N.Y.) Bankr. Feb. 10, 2011); *Hooker v. Northwest Trustee Services, Inc.*, Case No. 1:10-cv-03111-PA USDC for District of Oregon (Order of 5/25/2011); See also Christopher L. Petersen, *Foreclosure, Subprime Mortgage Lending, and the Mortgage Electronic Registration System*, 78 U. Cin. L. Rev. 1359 (2010).

34. <u>Injunction</u>: This is an action for injunctive relief which is brought upon proper legal and equitable grounds. Pursuant to RCW 61.24.130, injunctive relief may be based on "material violations" of the RCW 61.24 *et. seq.* and is not strictly limited to "irreparable harm". Plaintiff has no remedy to redress the harm caused by the purposed Trustee's Sale. Plaintiff is entitled to a temporary restraining order and a preliminary injunction until this matter is decided and likely preserved with a permanent injunction against the Defendants.

**WHEREFORE,** the Plaintiff prays for judgment to be entered jointly and severally herein against all Defendants as follows:

(a) For a permanent injunction of any further foreclosure proceedings against the subject property known as <u>21301 48th Ave W, #A-205, Mountlake Terrace, WA 98043</u>;

(b) If a trustee's sale occur during the course of this litigation, for a Rescission of Trustee's Deed or payment money for actual damages in the amount of $189,740.00 plus other related costs and fees for this lawsuit as well as treble damages pursuant to RCW 19.86 and for relocation if a trustee's sale occur during the course of this litigation;

(c) For an order expunging all related publically recorded foreclosure documents and/or having the documents stricken from the public record;

(d) For a judgment pursuant to the provisions of the Fair Debt Collection Practices Act and Fair Credit Reporting Act for each violation and for punitive damages plus per diem adjustments and possibly Private Attorney General fees as prescribed by law to be determined at trial; *Graziano v. Harrison*, 950 F.2d 107, 113 (3d. Cir. 1991), 15 U.S.C. § 1692(a)(3), (see *Zagorski v. Midwest Services, Inc.* F.3d – (1997 WL 695401, 7th Cir.) or 128 F.3d 1164 (7th Cir. 1997);

(e) For actual and statutory damages in whatever amount this Court shall find appropriate to compensate the Plaintiff for the losses they have suffered;

(f) All statutory damages to which the Plaintiff is entitled under Fair Debt Collection Practices Act, Fair Credit Reporting Act, Washington Consumer Protection Act, Usury Statute, TILA, RESPA, and any other applicable laws;

(g) Plaintiff demands a declaratory judgment as to MERS arbitrary and independent acts as a nominal beneficiary under the subject Deed of Trust;

(h) Plaintiff demands a temporary restraining order and preliminary injunction;

(i) For actual damages, costs and fees associated with this claim;

(j) For any other remedies and compensations this court deems appropriate.

Respectfully submitted this __11th__ day of August, 2011,

VERIFIED COMPLAINT

Timothy M. Moore, Plaintiff
628 194th Pl. SE
Bothell, WA 98012
(206) 427-9326

Page 12 of 14

VERIFICATION

I, the under signed Plaintiff, do affirm the foregoing Verified Complaint, the allegations therein, the pleading and contents to be true, correct, complete, to the best of my knowledge, information and belief.

Plaintiff: Timothy M. Moore

Signature: _____

JURAT

I __DJ Wilson_____ a Notary Public certify that I know or have satisfactory evidence that Timothy M. Moore appeared before me, and executed this Verified Complaint as his sworn statement as a free and voluntary act of his own will under penalty of perjury.

I certify under PENALTY OF PERJURY under the laws of the State of Washington, County of __King_____ that the foregoing paragraph is true and correct.

__8/11/11_____

DATED:

__DJ Wilson_____

Notary Public

My appointment expires __7/10/12__

[Notary Seal: DJ WILSON, NOTARY PUBLIC, STATE OF WASHINGTON, COMMISSION EXPIRES JULY 10, 2012]

VERIFIED COMPLAINT

Timothy M. Moore, Plaintiff
628 194th Pl. SE
Bothell, WA 98012
(206) 427-9326

Page 13 of 14