1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                                   )
TIMOTHY H. MOORE,                                  )          No. C11-1342RSL
                                                                   )
                                    Plaintiff,            )
            v.                                                  )
                                                                   )          ORDER STAYING CASE
FEDERAL NATIONAL MORTGAGE          )
ASSOCIATION, *et al.*,                             )
                                                                   )
                                    Defendants.      )
_____)

         On February 9, 2012, the Court granted plaintiff leave to amend his complaint to

remedy a deficiency in the allegations supporting his Deed of Trust Act ("DTA"), Consumer

Protection Act ("CPA"), declaratory judgment, and Fair Debt Collection Practices Act

("FDCPA") claims.  Plaintiff was instructed "to file an amended complaint that includes, to the

extent consistent with his obligations under Federal Rule of Civil Procedure 11, an allegation

that the property at issue was owner-occupied at the time he received the notice of default."  Dkt.

# 25 at 11-12.  Plaintiff's Real Estate Settlement Procedures Act ("RESPA") and federal tax law

claims survived defendant's motion to dismiss, but his Civil Rights Act, Fair Credit Reporting

Act ("FCRA"), rescission and expungement claims did not.  Defendants were ordered to show

cause why this matter should not be stayed pending the Washington Supreme Court's decision

regarding Mortgage Electronic Registration Systems' ("MERS") ability to serve as the

beneficiary under a deed of trust.

ORDER STAYING CASE

Plaintiff filed his "First Amended Verified Complaint" on March 2, 2012.  Dkt. # 28.[1]  Plaintiff asserts only three causes of action in the amended pleading:  an FDCPA claim against all defendants, a breach of contract claim against MERS, and a DTA claim against all defendants.  Plaintiff has not remedied the deficiency identified by the Court, however:  he has not alleged that the subject property was owner-occupied at the time he received the notice of default.  In the absence of such an allegation, the FDCPA and DTA claims asserted in the First Amended Verified Complaint fail as a matter of law for the reasons stated in the Court's February 9, 2012, Order.  Plaintiff's only other claim – that MERS' breached the note and/or the deed of trust – was not asserted in the original complaint.  While the Court suspects that this claim was waived along with the DTA and declaratory judgment claims, the breach of contract claim was not the subject of defendants' motion to dismiss and the Court declines to *sua sponte* determine its validity.

Defendants argue that a stay of the above-captioned matter is not appropriate because plaintiff failed to restrain the trustee's sale.  Dkt. # 27 at 2-3 (citing Townley v. BAC Home Loans, C10-1720JCC, slip op. at 3 (W.D. Wash. June 29, 2011)).  Whether MERS may act as a beneficiary under the DTA when it does not hold the note secured by the deed of trust and the legal effect of any *ultra vires* acts goes to the merits of plaintiff's breach of contract claim, however.  Because the Washington Supreme Court's resolution of those issues may be relevant to plaintiff's one remaining claim, a stay is appropriate.

The above-captioned matter is hereby STAYED pending the Washington Supreme Court's decision on the questions certified in Selkowitz v. Litton Loan Servicing LP, C10-5523JCC (W.D. Wash), and Bain v. Metro. Mortg. Group Inc., C09-0149JCC (W.D. Wash.).  The parties shall, within twenty-one days of the Supreme Court's ruling on the certified

---

[1]  Although the amended complaint was untimely filed, it has been accepted and is now the operative pleading in this matter.

1    questions, file a status report in this case.

2

3            Dated this 19th day of March, 2012.

4                                    *Robert S. Lasnik*

5                                    Robert S. Lasnik
6                                    United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER STAYING CASE                    -3-