1

2

3

4

5

6

7                        UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
                                   AT SEATTLE

8     _____
                                              )
9     TIMOTHY H. MOORE,                       )        No. C11-1342RSL
                                              )
10                          Plaintiff,        )
                                              )
            v.                                )
11                                            )        ORDER GRANTING DEFENDANT'S
      FEDERAL NATIONAL MORTGAGE               )        MOTION FOR SUMMARY
12    ASSOCIATION, *et al.*,                  )        JUDGMENT AND GRANTING
                                              )        PLAINTIFF'S MOTION TO AMEND
13                          Defendants.       )
      _____)

14

15          This matter comes before the Court on "Defendant Mortgage Electronic

16    Registration Systems, Inc.'s Motion for Summary Judgment" (Dkt. # 39) and "Plaintiff's

17    Verified Cross Motion to Join a Party" (Dkt. # 40).  Having reviewed the memoranda and

18    exhibits submitted by the parties, the Court finds as follows:

19

20                                   BACKGROUND

21          In April 2008, plaintiff executed a promissory note for $189,740, payable to the

22    order of Cobalt Mortgage, Inc. ("Cobalt").  The debt was secured by a deed of trust which

23    identified Cobalt as the lender, Ticor Title as the trustee, and defendant Mortgage Electronic

24    Registration System ("MERS") as both the beneficiary and the "nominee" for lender.  Dkt. # 39

25    at 11.  In March 2011, MERS, acting as nominee for Cobalt, assigned its beneficial interest in

26

the deed of trust to Fannie Mae.  Dkt. # 40 at 15.  The assignment was signed by Rebecca

Higley, an assistant secretary employed by MERS acting as nominee for Cobalt, and was

recorded in Snohomish County on March 8, 2011.  Id.  Fannie Mae eventually appointed a

successor trustee who initiated foreclosure proceedings under the Washington Deed of Trust Act

("DTA").  Plaintiff filed this action on August 12, 2011, prior to the foreclosure sale, but did not

obtain a restraining order.  On September 23, 2011, the trustee's sale occurred, and Fannie Mae

purchased the property.  Dkt. # 20-1.

Following the Court's ruling on defendant's motion to dismiss (Dkt. # 25),

plaintiff amended his complaint to assert three causes of action:  a Fair Debt Collections

Practices Act ("FDCPA") claim against all defendants, a breach of contract claim against

MERS, and a DTA claim against all defendants (Dkt. # 28).  The Court found, however, that

plaintiff had failed to allege that the property was owner-occupied at the time he received the

notice of default under the DTA, dooming his FDCPA and DTA claims.  Dkt. # 29.  Thus, the

only claim left in this case is the breach of contract claim against MERS.  MERS seeks summary

judgment on the ground that plaintiff has failed to articulate or prove a breach.  Plaintiff seeks to

amend his complaint to assert a fraud claim against Rebecca Higley.


**DISCUSSION**

**A.    Defendant's Motion for Summary Judgment**

Summary judgment is appropriate when, viewing the facts in the light most

favorable to the nonmoving party, there is no genuine dispute as to any material fact that would

preclude the entry of judgment as a matter of law.  L.A. Printex Indus., Inc. v. Aeropostale, Inc.,

676 F.3d 841, 846 (9th Cir. 2012).  The party seeking summary dismissal of the case "bears the

initial responsibility of informing the district court of the basis for its motion" (Celotex Corp. v.

Catrett, 477 U.S. 317, 323 (1986)) and identifying those portions of the materials in the record

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
AND GRANTING PLAINTIFF'S
MOTION TO AMEND                    -2-

1   that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)(1)).  Once the

2   moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party

3   fails to identify specific factual disputes that must be resolved at trial.  Hexcel Corp. v. Ineos

4   Polymers, Inc., 681 F.3d 1055, 1059 (9th Cir. 2012).  The mere existence of a scintilla of

5   evidence in support of the non-moving party's position will not preclude summary judgment,

6   however, unless a reasonable jury viewing the evidence in the light most favorable to the non-

7   moving party could return a verdict in its favor.  U.S. v. Arango, 670 F.3d 988, 992 (9th Cir.

8   2012).

9          Plaintiff's First Amended Complaint tells the story of how the mortgage industry

10  created and used MERS to reduce its costs, increase efficiency and the liquidity of mortgages,

11  and circumvent the traditional system of public recordation of mortgages.  The Washington State

12  Supreme Court tells much the same story in Bain v. Metropolitan Mortg. Group, Inc., 175 Wn.2d

13  83 (2012), and specifically notes that there may be serious consequences arising from the

14  industry's arrangement (such as the deed of trust becoming unenforceable, the unavailability of

15  the nonjudicial foreclosure procedures set forth in the DTA, and/or potential liability under the

16  Washington Consumer Protection Act).  The question before the Court, however, is whether

17  MERS violated a contractual promise, not whether MERS or other entities complied with the

18  DTA.

19          Plaintiff's complaint is virtually silent regarding the contract at issue and/or the

20  promise that was breached.  Plaintiff focuses his attention on the assignment of the deed of trust

21  recorded in March 2011, arguing that MERS had no interest to assign and therefore lied in a

22  publicly-recorded document.  The assignment is not, however, a contract:  even if MERS'

23  representations therein were false, a breach of contract action would not exist.  The only contract

24  potentially at issue is the deed of trust itself, but it is not clear what provision MERS is supposed

25  to have breached.  Plaintiff objects to the fact that MERS is identified as the "beneficiary" of the

26

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
AND GRANTING PLAINTIFF'S
MOTION TO AMEND          -3-

deed of trust when it never had possession of the underlying debt instrument.  The fact that the

parties to the contract called MERS the "beneficiary" is simply a label:  it does not, in and of

itself, constitute a promise, give rise to a breach, or cause damage.  Subsequent acts taken in the

role of "beneficiary" may have been unauthorized if, in fact, "beneficiary" status did not exist,

but plaintiff has not shown that MERS breached a promise made in either the deed of trust or the

assignment document.

Because plaintiff failed to raise a genuine issue of material fact regarding his

breach of contract claim, MERS is entitled to summary judgment.

**B.    Plaintiff's Motion to Amend**

Plaintiff seeks to add Rebecca Higley, an employee of MERS, as a named

defendant, arguing that MERS' breach of contract may have been innocent and attributable to a

fraud or misrepresentation perpetrated by Ms. Higley.  Plaintiff alleges that Ms. Higley executed

and caused to be recorded a false and ineffective assignment of deed of trust.  The assignment is

invalid, according to plaintiff, because MERS had no beneficial interest to convey.  Plaintiff

alleges that Ms. Higley either knew or should have known at the time she signed the assignment

that MERS did not have possession of the note and was not, therefore, a proper beneficiary

under the DTA.  The assignment set in motion a course of events which ultimately deprived

plaintiff of his property through a nonjudicial foreclosure sale.  Plaintiff argues that Ms. Higley

should be added as a named defendant because she may have been acting outside the scope of

her employment contract with MERS or in conjunction with MERS.[1]

Courts "should freely give leave [to amend] when justice so requires."  Fed. R.

Civ. P. 15(a)(2).  There is a "strong policy in favor of allowing amendment" after "considering

---

[1] Plaintiff requests that the undersigned refer this matter to the United States Department of Justice or a federal grand jury for investigation.  The Court will not interfere in the Executive Branch's prosecutorial and investigative decisions.

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
AND GRANTING PLAINTIFF'S
MOTION TO AMEND                    -4-

1   four factors:  bad faith, undue delay, prejudice to the opposing party, and the futility of

2   amendment." <u>Kaplan v. Rose</u>, 49 F.3d 1363, 1370 (9th Cir. 1994).[2]  The underlying purpose of

3   Rule 15 is "to facilitate decision on the merits, rather than on the pleadings or technicalities."

4   <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000).  Amendment will be denied, however,

5   "when the movant presented no new facts but only new theories and provided no satisfactory

6   explanation for his failure to fully develop his contentions originally." <u>Vincent v. Trend W.</u>

7   <u>Tech. Corp.</u>, 828 F.2d 563, 570-71 (9th Cir. 1987) (internal quotation marks omitted).

8           Plaintiff is proceeding *pro se* in this litigation.  Although he mentions the phrase

9   "indispensable party" in the heading of his argument (Dkt. # 40 at 8), he does not cite Fed. R.

10  Civ. P. 19 and the gist of his argument is clearly a request for leave to amend his complaint to

11  add Ms. Higley as a defendant and to assert a claim of common law fraud against her.  Such

12  motions are governed by Fed. R. Civ. P. 15.  Defendant, however, chose to oppose the motion to

13  amend solely on the ground that the pending breach of contract claim can be resolved without

14  Ms. Higley's participation.  Defendant did not address the timing of plaintiff's motion, the

15  sufficiency of the allegations in support of the fraud claim, or issues of bad faith or delay. The

16  Court declines to *sua sponte* consider the factors that are relevant to a Rule 15 motion to amend

17  and will therefore allow plaintiff to amend his complaint.

18

19                                         C<small>ONCLUSION</small>

20          For all of the foregoing reasons, MERS' motion for summary judgment on

21  plaintiff's breach of contract claim (Dkt. # 39) and plaintiff's motion to amend the complaint

22  (Dkt. # 40) are GRANTED.  Plaintiff shall, within 21 days of the date of this Order, file a second

23  amended complaint adding Rebecca Higley as a defendant and asserting a common law fraud

24  ────────────────────

25          [2]  The Ninth Circuit also takes into consideration whether plaintiff has previously amended the
    complaint. <u>Nunes v. Ashcroft</u>, 375 F.3d 805, 808 (9th Cir. 2004).

26  ORDER GRANTING DEFENDANT'S
    MOTION FOR SUMMARY JUDGMENT
    AND GRANTING PLAINTIFF'S
    MOTION TO AMEND                    -5-

1   claim against her.  Failure to file a timely amended complaint will result in the termination of

2   this action.  All existing claims against all other defendants have been dismissed and will not be

3   revived through this amendment.

4

5             Dated this 6th day of December, 2012.

6

7                                        Robert S. Lasnik
                                         United States District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
    ORDER GRANTING DEFENDANT'S
    MOTION FOR SUMMARY JUDGMENT
    AND GRANTING PLAINTIFF'S
    MOTION TO AMEND                      -6-